UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY OATNEAL,

       Plaintiff,                      CIVIL ACTION NO. 06-10985

                                     District Judge Paul D. Borman

      v.                             Magistrate Judge Virginia M. Morgan

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

       This Social Security case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated herein, the court recommends that the Commissioner's motion be granted and that plaintiff's motion be denied.

### II. Background

       Plaintiff sustained an injury to her neck in July, 2001 in the course of her employment at a bakery. Subsequent MRIs showed herniated discs at the C5-6 and C6-7 levels, resulting in spinal cord impingement and cord signal change. Plantiff's physician, Dr. Teck Mun Soo, recommended surgery. On December 7, 2001, plaintiff underwent an anterior discectomy with fusion, which was performed by Dr. Soo.

Plaintiff returned to her bakery job in April, 2002, with restrictions, but went on medical leave shortly thereafter due to increasing pain.  Plaintiff returned to work in August, 2002.  She worked until January 9, 2003, her alleged disability onset date, when she was again placed on medical leave.  Plaintiff has not worked since that date.

On February 21, 2003, plaintiff filed an application for Social Security Disability Insurance Benefits, claiming that she experienced disabling neck pain, back pain, and depression, with a disability onset date of January 9, 2003. (Tr. 45-47, 51).  Plaintiff was 45 years of age when she filed the application.

The Social Security Administration (SSA) denied plaintiff's claim on initial review. (Tr. 37).  Plaintiff then requested a hearing before an administrative law judge (ALJ).  (Tr. 38).  The hearing was held on April 26, 2005 before ALJ Henry Perez, Jr. (Tr. 200-21).  Plaintiff, represented by counsel, appeared and testified at the hearing.  The ALJ also took testimony from a vocational expert (VE).

On October 11, 2005, the ALJ issued a decision denying plaintiff's claim.  (Tr. 12-23). The ALJ determined that plaintiff had discogenic and degenerative disorders of the spine and depression.  The ALJ further determined that plaintiff's impairments were "severe" within the meaning of 20 C.F.R. § 404.1520(a)(4)(ii), but that she did not have an impairment or combination of impairments that met or equaled any impairment listed in Subpart P, Appendix 1 of the Social Security Regulations.  The ALJ next found that plaintiff could not perform her past work, but that she retained the residual functional capacity (RFC) to perform a limited range of unskilled, sedentary work and that there were a significant number of jobs in the local and state

economies that she could perform within that RFC.[1]  Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act.

Following the ALJ's denial of her claim, plaintiff filed a request for review of the decision with the SSA's Appeals Council.  (Tr. 9).  The Appeals Council denied the request on November February 1, 2006.  (Tr. 5-7).  The ALJ's decision thus became the final decision of the Commissioner.

On January 30, 2006, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  As noted above, the parties have filed cross-motions for summary judgment.  Due the rather imprecise nature of plaintiff's brief, it is difficult to ascertain the basis of her objection(s) to the ALJ's decision.  In the "Statement of Questions Presented" portion of her brief, plaintiff raises the following questions:

1. Was the Commissioner of Social Security's Decision Denying Social Security Disability Benefits to the Plaintiff Based Upon Substantial Evidence?

2. Did the Administrative Law Judge properly assess the plaintiff's pain and limitations?

3. Did the Administrative Law Judge pose complete and accurate hypothetical questions to the vocational expert?

---

[1] "Sedentary" work is defined in 20 C.F.R. § 404.1567(a) as follows:
Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

However, the body of the brief consists primarily of a rehash of the administrative record. The only argument actually made in the body of the brief is that the ALJ did not properly account for plaintiff's deficiencies in the area of concentration, persistence, and pace in the hypothetical he posed to the VE at the hearing. Accordingly, the court will focus primarily on that argument.

### III.  Legal Standards

#### A.  Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).  Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). The claimant bears of the burden of proving that she is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate Social Security Disability claims. See 20 C.F.R. § 404.1520. As discussed in Foster, Id. at 354 (citations omitted), this process consists of the following:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment. If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

### B.  Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brainard, 889 F.3d at 681. Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would

have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

**IV.  Analysis**

After concluding that plaintiff did not have an impairment of listing level severity, the ALJ determined that plaintiff had the following RFC:

> Claimant retains the residual functional capacity to perform a limited range of unskilled sedentary work, as sedentary is defined in the Regulations, with the following specific functional limitations: can lift and carry 10 pounds occasionally (one to two times an hour from waist level) and should avoid vigorous pushing/pulling; can occasionally reach at or above shoulder level and bend; can occasionally perform fingering and feeling activities; can perform simple job assignment with routine production and stress.

(Tr. 22). At the hearing, the ALJ incorporated this RFC determination into a series of hypothetical questions he posed to the VE. In response thereto, the VE testified that there were 2,100 surveillance monitor jobs and 3,200 inspector/sorter jobs in southeast Michigan that an individual of plaintiff's age, vocational background, and RFC could perform. The ALJ relied upon that testimony in concluding that plaintiff was not disabled.

Where an ALJ poses a hypothetical question to a VE that fully and accurately incorporates a claimant's physical and mental limitations, and the VE testifies that a person with such limitations is capable of performing a significant number of jobs in the national economy, such testimony is sufficient to support a finding that the claimant is not disabled. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987). Conversely, where

the hypothetical does not paint an accurate picture of the claimant's limitations, the VE's testimony cannot support such a finding.

Plaintiff contends that the ALJ failed to properly account for her deficiencies in the area of concentration, persistence, and pace in the hypothetical he posed to the VE. Plaintiff thus argues that the VE's testimony cannot constitute the substantial evidence necessary to sustain the ALJ's decision. The court disagrees.

The record contains scant information regarding the nature and extent of plaintiff's problems in this area. A consultative mental examination was performed on March 18, 2003 by Dr. Monir A. DiBai, a psychiatrist. (Tr. 137-40). Dr. DiBai noted that plaintiff "appeared cognitively impaired with impairment of attentiveness and ability to concentrate." (Tr. 139). He otherwise made no findings or offered any opinion as to the extent of plaintiff's ability to concentrate or maintain persistence or pace. Dr. DiBai diagnosed plaintiff with a "[d]epressive disorder due to her general medical condition, post back surgery and back pain[,]" and assigned her a Global Assessment of Functioning score of 50. Id.

The only other medical evidence in the record regarding plaintiff's ability to maintain concentration, persistence, and pace are the Mental Residual Functional Capacity Assessment (MRFCA) and Psychiatric Review Technique (PRT) forms filled out by consultant James Tripp,[2] Ed. D. In the PRT form, Dr. Tripp indicated that plaintiff was mildly restricted in her activities

---

[2]Plaintiff began treating with a psychiatrist, Dr. Berkower, on October 13, 2004. (Tr. 189-91). Dr. Berkower diagnosed plaintiff with a major depressive disorder, single episode, and switched her medication from Lexapro to Zoloft. However, it does not appear that he offered any opinion as to the extent of plaintiff's functional limitations.

of daily living, that she had no difficulties in maintaining social functioning, that she'd experienced no episodes of decompensation, and that she had moderate difficulties in maintaining concentration, persistence, or pace. (Tr. 105). In the MRFCA, Dr. Tripp made more specific findings regarding plaintiff's mental limitations. The form contains 20 functional areas. Dr. Tripp found that plaintiff was not significantly limited in 18 of those areas. He found that she was moderately limited in two of those areas: (1) the ability to understand and remember detailed instructions, and (2) the ability to carry out detailed instructions. In the narrative portion of the report, Dr. Tripp opined that plaintiff was capable of performing simple, sustained, unskilled work. The ALJ expressly adopted Dr. Tripp's findings in assessing plaintiff's RFC.

Thus, the only concrete findings in the record regarding plaintiff's ability to maintain concentration, persistence, and pace were those of Dr. Tripp. The ALJ relied on those findings in assessing plaintiff's RFC, and included in the RFC determination and the hypothetical he posed to the VE limitations consistent with Dr. Tripp's findings. Given the scant evidence in the record regarding plaintiff's limitations in this area, the court is hard pressed to imagine what the ALJ might have done differently. See, e.g., Smith v. Halter, 307 F.3d 377, 379 (6th Cir. 2001)("The ALJ then translated Smith's condition into the only concrete restrictions available to him – examining psychiatrist Schweid's recommended restrictions against quotas, complexity, stress, etc. – and duly incorporated them into his hypothetical to the vocational expert"). The court concludes that the ALJ adequately accommodated plaintiff's cognitive impairments in the RFC determination and in the hypothetical.

Further, the court concludes that the hypothetical accurately depicted the extent of plaintiff's physical impairments. In determining plaintiff's RFC, the ALJ gave substantial weight to the findings of Dr. Victor C. Gordon, who performed an IME on June 26, 2003 at the request of plaintiff's then-attorney. (Tr. 167-75). Dr. Gordon conducted a physical examination, performed electrodiagnostice tests, took x-rays, and reviewed plaintiff's prior x-rays and MRIs. He rendered a diagnosis of (1) chronic cervical myofascial strain, (2) status post anterior discectomy and fusion at C5-7 with interbody fusion and plating secondary to herniated disc and cervical spondylosis with myelopathy, (3) post fusion syndrome, (4) chronic myofascial pain syndrome, and (5) status post cubital fossa syndrome. Dr. Gordon gave the following recommendation:

> I would currently suggest that Ms. Oatneal avoid activities requiring her to lift or carry more than ten pounds. Lifting and carrying, if done at all, should be from waist level only and not more frequently than once or twice per hour. She should avoid vigorous pulling, pushing, reaching, bending, and carrying out activities at or above shoulder level.
>
> Conservative medical care at this time is suggested utilizing appropriate anti-inflammatory agents, physical therapy modalities, graded exercise, as well as possible injection-type therapy.

(Tr. 174). The ALJ also accorded some weight to the findings of a state agency medical consultant, who indicated in a Physical Residual Functional Capacity Assessment form, among other things, that plaintiff could occasionally lift and/or carry up to 20 pounds, that she could frequently lift and/or carry up to 10 pounds, and that she had a limited ability to perform fine manipulation and feeling activities with her right hand. (Tr. 109-16). The ALJ's determination

that plaintiff could perform sedentary work, and the restrictions the ALJ included in the RFC determination and the hypothetical, are consistent with the findings of Dr. Gordon and the state consultant.

Plaintiff notes that Dr. Schwartz opined on February 7, 2003 that plaintiff was permanently disabled. (Tr. 153). However, the ALJ gave no weight to Dr. Schwartz's opinion:

> In the instant case, Dr. Schwartz' opinion is given no weight. Dr. Schwartz, a family practitioner and not an orthopedist, did not identify specific functional limitations, clinical findings, or laboratory diagnostic techniques that would support this statement. In fact, at the time he made this statement, he had treated Claimant for a brief period and he had obtained MRI evidence with essentially normal results.

(Tr. 20). A treating physician's opinion is generally entitled to significant or controlling weight where it is well-supported and not contradicted by other substantial evidence in the record. See Walters v. Commissioner of Social Sec., 127 F.3d 525, 529-30 (6th Cir. 1997); see also 20 C.F.R. § 416.927(d)(2). Here, the ALJ had a valid basis in the record to decline to give any weight to Dr. Schwartz's opinion. The ALJ correctly noted that Dr. Schwartz did not state any basis for his opinion, that he was not an orthopedic specialist, that he had treated plaintiff for only a brief time when he rendered his opinion, and that a recent MRI contradicted his statements. These are all proper considerations under 20 C.F.R. § 416.927(d)(2). To the reasons cited by the ALJ, the court notes that the findings of Dr. Gordon and the state consultant contradict Dr. Schwartz's opinion that plaintiff is permanently disabled. For these reasons, the court concludes that the ALJ did not err in his assessment of Dr. Schwartz's opinion.

Finally, plaintiff suggests that the ALJ erred in concluding that her allegations regarding her limitations were only "partially credible," and that finding of disability would have been warranted if the ALJ had properly given full credit to her testimony and allegations. Plaintiff's argument is unavailing. It is well-settled that an ALJ's findings based on the credibility of the applicant "are to be accorded great weight and deference." Walters, supra, 127 F.3d at 531. Thus, a Social Security claimant alleging a credibility determination error faces an uphill battle. While the ALJ's credibility determination in this matter is not particularly thorough, the court finds no basis in the record to disturb that finding in light of the deference due it.

Based on the foregoing, the court concludes that the ALJ's reliance on the findings of Dr. Tripp, Dr. Gordon, and the state agency consultant was entirely reasonable and that the hypothetical incorporating those findings constituted an accurate description of plaintiff's limitations. Accordingly, the VE's testimony in response to that hypothetical constitutes substantial evidence in support of the ALJ's determination that plaintiff is not disabled. Varley, supra, 820 F.2d at 779.

## IV.  Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED** and that plaintiff's cross-motion for summary judgment be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific

objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

|  |  |
|---|---|
|  | S/Virginia M. Morgan |
|  | VIRGINIA M. MORGAN |
| Dated:  July 24, 2006 | UNITED STATES MAGISTRATE JUDGE |

**PROOF OF SERVICE**
The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record via the Court's ECF System and/or U. S. Mail on July 24, 2006.

                                                s/Kendra Byrd
                                                Case Manager to
                                                Magistrate Judge Virginia M. Morgan